UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| JOHN PETER BARKMEYER, | * | Case No.: 23-10022-MCR |
| | * | Chapter 13 |
| Debtor. | * | |
| | * | |
| | * | |

## TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE

COMES NOW, Rebecca A. Herr, Chapter 13 Trustee, pursuant to 11 U.S.C. §§ 105, 109, 349 and 1307 and prays that the Court dismiss the case of John Peter Barkmyer ("Debtor") with prejudice to refiling for 180 days. In support of this Motion, the Trustee, for cause, states as follows:

1. The Debtor commenced this proceeding as a case under Chapter 13 of the Bankruptcy Code[1] on January 3, 2023. Voluntary Pet., ECF 1. The petition is filed in the Debtor's individual capacity. *Id.* at ECF 1-3 (identifying the Debtor has debtor and including information for no other entity).

2. This filing satisfied the requirements to avoid automatic dismissal under Local Rule 1002-1, but was otherwise missing required documents including schedules A-J, the Declaration for Schedules, the Summary of Assets and Liabilities, the Statement of Financial Affairs, the Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period, the Chapter 13 Plan, or certificate of credit counseling. *Id.* (accompanied with Notice of Deadline for Filing Missing Document at ECF 1-2). The

---

[1] 11 U.S.C. §§ 101 *et seq.* All statutory references herein are to the Bankruptcy Code unless otherwise stated.

1

Debtor did not pay the Chapter 13 filing fee with his petition. *See* Application for Individuals to Pay the Filing Fee in Installments, ECF 3.; *see also* docket notation between ECF 6 & 7.

3. The deadline to file the required documents not filed with the petition was set for January 17, 2023. *See* Notice of Deadline for Filing Missing Document, ECF 1-2. The Debtor was ordered to make payments towards the Chapter 13 filing fee by January 20, February 2, March 6, and April 3. Order on Application to Pay in Installments and Directing Debtor to Pay Filing Fee, ECF 11.

4. The Debtor did not file the required documents or make the required payments towards the filing fee.

5. The Court entered and Order to Show Cause Why Case Should Not Be Dismissed for Failure to Pay Initial Filing Fee, ECF 16, and dismissed the case without response, Notice of Dismissal, ECF 18-3.[2]

6. After dismissal, the Debtor filed an affidavit that, *inter alia*, identifies property the Debtor claims ownership of, but that does conform with required bankruptcy forms. *See* ECF 19. This affidavit appears to have been refiled at ECF 24.

7. Also after dismissal, the Debtor filed a letter with the Court which the Court has interpreted as a motion to vacate dismissal. *See* ECF 25. This Letter indicates that the Debtor expects to proceed as a trustee of sorts. He cannot both file the Letter on behalf of trust beneficiaries and be the Debtor. If he is the Debtor, the beneficiaries' interest are not relevant. If he wishes to seek protection for the trust, he cannot be the debtor.

---

[2] The Order Dismissing Case indicates that the case is dismissed for both failure to file required documents and to pay filing fee.

8. The Court entered an Order Vacating [Dismissal], ECF 26, and directed the Debtor to file the outstanding required documents no later than March 9, 2023.

9. As of the filing of this motion, Debtor has not filed the required documents.

LEGAL ARGUMENTS

The Court should dismiss the Debtor's Chapter 13 case with prejudice because the Debtor has willfully failed to both abide by orders of the Court and appear in proper prosecution of his case. The Debtor none of the obligations that accompany the relief a bankruptcy petition affords. Moreover, the Debtor's failure to fulfill his obligations rises to the level of bad faith because he has represented to the Court his intention and ability to fulfil those obligations. The Debtor acknowledges that his decision to proceed *pro se* does not excuse him from his obligation yet he has failed to even file some of the required documents in the two months that this case has been pending. *See* Letter, ECF 25 (" I am aware that Ignorance of the Law is no excuse"). While it is not clear what the Debtor expects to accomplish with his bankruptcy case, it is clear that he sees the Chapter 13 case as affording him powers and protections. *See Id.* ("I knew the Chapter 13 in Maryland would offer the Homestead Exemption" and "I knew a Chapter 13 would create a Public Record [] and protection").

The Court Has Broad Discretion to Dismiss with a Bar to Re-filing

This Court has the discretion to prohibit the Debtor from filing a new case for a period of time. "Our court of Appeals has recognized that…§ 349(a) gives a bankruptcy

3

judge discretion to 'order otherwise' for cause and to dismiss a petition with prejudice; this discretion may be exercised either to prohibit the filing of a petition with a set time, or it may preclude the debtor from receiving a discharge in bankruptcy of debts in existence when the case is dismissed" *In re Weaver*, 222 B.R. 521, 522 (Bankr. E.D. Va. 1998), *citing In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997). "The usual remedy for a bad faith filing is a dismissal pursuant to § 109(g), which works to prohibit the filing by the debtor of any case under Title 11 for a period of 180 days." *Tomlin*, 105 F.3d at 938-39.

Under § 109(g),

> [N]o individual … may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if [the] case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

11 U.S.C. § 109(g)(1).  In the current case, the Debtor's actions squarely fall within § 109(g)(1) as he twice failed to file any of the required documents before their due date. Therefore, pursuant to §§ 109(g) and 349(a), the Court has the discretion to dismiss the case with a bar to refile for 180 days.

### LACK OF GOOD FAITH IS GROUNDS FOR DISMISSAL

The balance of opinion within the United States Court of Appeals for the Fourth Circuit holds that a lack of good faith in the filing of a Chapter 13 petition constitutes cause for dismissal or conversion under § 1307(c). *See, e.g. In re Kestell*, 99 F.3d 146 (4th Cir. 1996); *In re Page*, 519 B.R. 908 (Bankr. M.D.N.C. 2014).

Two key cases govern the court's review of the Debtor's good faith within the Fourth Circuit: *Deans v. O'Donnell,* where the court rejected the *per se* rule, which simply

looks to see whether the debtor provides substantial repayment to creditors, in favor of a balancing of factors to determine whether the filing was an "abuse of the provisions, purpose, or spirit of [Chapter 13] in the proposal or plan," and *Neufeld v Freeman*. *Deans v O'Donnell*, 692 F.2d 969, 972 (4th Cir. 1982); *Neufeld v Freeman*, 794 F.2d 149, 152 (4th Cir. 1986). The current Fourth Circuit balancing test is generally referred to as the "totality of circumstances" test.

>Good faith is determined by the totality of the circumstances including:
>
>(1)   type of debt sought to be discharged;
>
>(2)   whether the debt would be non-dischargeable under Chapter 7 (§ 727);
>
>(3)   debtor's motivation and sincerity in seeking Chapter 13 relief;
>
>(4)   debtor's accuracy in stating his debts and expenses;
>
>(5)   debtor's honesty in the bankruptcy process; and
>
>(6)   whether the Bankruptcy Code is being unfairly manipulated.

*Neufeld v Freeman*, 794 F.2d 149 (4th Cir. 1986), citing *Deans v O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982).

Here, there appears to be a abuse of the provisions, purpose, or spirit of the Bankruptcy Code in that the Debtor insincerely sought Chapter 13 relief form himself, has made dishonest representations to the Court when he indicates he can and will file required documents, and has failed to accurately disclose his assets and debts—the result of which has been an unfair manipulation of the Bankruptcy Code. Because of his refusal to file required documents, it is impossible for the Chapter 13 Trustee to evaluate the first two *Neufeld* factors.

This case should result in a dismissal with prejudice because the Debtor has indicated he has no intention properly prosecuting his case. In their totality, these actions reflect the lack of good faith described in *Deans v O'Donnell* and progeny.

"[O]n the request of a party in interest. . . the court may convert a [Chapter 13 case] to a case under Chapter 7 or may dismiss a [Chapter 13], whichever is in the best interest of creditors and the estate." 11 U.S.C. § 1307(c). However, conversion is inappropriate in this case because a Chapter 7 trustee would likely face significant hurdles in estate administration given the Debtor's lack of cooperation and the Chapter 13 Trustee has not identified assets that could be administered by a Chapter 7 Trustee.

WHEREFORE, for the foregoing reasons, the Trustee moves that this Honorable Court dismiss the above captioned case with a bar to refiling for 180 days and grant any further relief as this Honorable Court deems necessary and proper.

Date: March 9, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　Rebecca A. Herr
　　　　　　　　　　　　　　　　Chapter 13 Trustee

　　　　　　　　　　　　　　　　By Counsel:

　　　　　　　　　　　　　　　　/s/ Robert L. Hockenbury
　　　　　　　　　　　　　　　　Robert L. Hockenbury, Bar No. 21833
　　　　　　　　　　　　　　　　185 Admiral Cochrane Drive, Suite 240
　　　　　　　　　　　　　　　　Annapolis, MD 21401
　　　　　　　　　　　　　　　　Tel: 301-805-4700
　　　　　　　　　　　　　　　　Fax: 301-805-9577
　　　　　　　　　　　　　　　　Email: rhockenbury@ch13md.com

## NOTICE OF OPPORTUNITY TO REQUEST A HEARING

You are notified that the Trustee is requesting that the subject case be dismissed pursuant to 11 U.S.C. section 1307 (c)(1) and section 1326 (a)(1). You are further notified that unless a responsive pleading is filed with the Court stating facts which controvert, justify or explain the Trustee's allegations and a copy of said pleading is served upon the Trustee on or before **April 6, 2023** together with a request for a hearing thereon, this case may be dismissed on such date and the case will be closed.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9 March 2023, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Trustee's Motion to Convert or Dismiss will be served electronically by the Court's CM/ECF system on the following:

no parties

I hereby further certify that on the 9 March 2023, a copy of the Trustee's Motion to Convert or Dismiss was also mailed first class mail, postage prepaid to:

John Peter Barkmeyer
2710 Deer Ridge Dr.
Silver Spring, MD 20904
Debtor

/s/ Robert L. Hockenbury
Counsel to Chapter 13 Trustee,
Rebecca A. Herr